Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| ESPADA, MIÑANA & PEDROSA LAW OFFICES, PSC<br><br>Apelantes<br><br>v.<br><br>MARÍA T. MEDINA GUILLOTY, VIUDA DE AGUAYO, TCC: MARICUCHA AGUAYO; MARIBEL T. AGUAYO MEDINA; ERIC QUETGLAS JORDAN, H/N/C QUETGLAS LAW OFFICES<br><br>Apelados | KLAN202400392 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Cobro de dinero<br><br>Caso Núm.: BY2022CV02552 (503) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas Juez, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Al examinar el presente recurso nos percatamos que carecemos de jurisdicción por ser presentado prematuramente, por lo cual, se **desestima**. Veamos los fundamentos.

**-I-**

En primer orden, el asunto ante la consideración de este foro apelativo es el siguiente.

El **29 de enero de 2024** por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"), notificó una Sentencia Parcial en la que los demandantes *Espada, Miñana & Pedrosa Law Offices, PSC* (en adelante, "la firma EMP o parte peticionaria"), en la que archivó **CON PERJUICIO** (sin especial imposición de costas, y honorarios de abogado) una acción de cobro

de dinero contra las codemandadas: María T. Medina Guilloty Viuda de Aguayo (t/c/c Maricucha Aguayo), y Maribel T. Aguayo Medina, en virtud de la Regla 39.1(a)(1) de Procedimiento Civil.

El **1 de febrero de 2024**, la firma EMP presentó una *"Reconsideración Regla 47 y solicitud de enmienda NUNC PRO TUNC"*, para que la Sentencia Parcial únicamente dispusiera que contra la codemandada: María T. Medina Guilloty Viuda de Aguayo (t/c/c Maricucha Aguayo), se archivara la demanda **SIN PERJUICIO**.

Luego de examinar la reconsideración antes dicha y la réplica de las codemandadas: María T. Medina Guilloty Viuda de Aguayo (t/c/c Maricucha Aguayo), y Maribel T. Aguayo Medina, el **28 de febrero de 2024** el TPI declaró Ha lugar la reconsideración y notificó la siguiente SENTENCIA PARCIAL ENMENDADA:

> "**ARCHIVO SIN PERJUICIO** bajo la Regla 39.1(a)(1) únicamente en cuanto a la reclamación de la codemandada María T. Medina Guilloty Viuda de Aguayo (t/c/c Maricucha Aguayo); **CON PERJUICIO** en cuanto a la codemandada Maribel T. Aguayo Medina, y sin especial imposición de costas, gastos y honorarios".

El **12 de marzo de 2024**, la codemandada María T. Medina Guilloty Viuda de Aguayo, t/c/c Maricucha Aguayo, (en adelante, "la señora Medina Guilloty o parte recurrida") presentó una "Moción de reconsideración parcial y solicitud de honorarios por temeridad".

Ese mismo **12 de marzo de 2024**, el TPI notificó contra la firma EMP una orden para mostrar causa por la cual no debía imponerle el pago de costas y la imposición de honorarios por temeridad.

La firma EMP no mostró causa, por lo que el **19 de marzo de 2024** el TPI notificó la siguiente Resolución:

> "A la Reconsideración de Sentencia Parcial, presentada por la codemandada María T. Medina Guilloty Viuda de Aguayo, a los únicos fines de solicitar la imposición de costas y honorarios de abogados a la parte demandante, RESOLVEMOS con lugar. Se le conceden $1,500.00 por concepto de honorarios de abogados. Tenga 10 días para presentar MEMORANDO DE COSTAS".

Inconforme, el **2 de abril de 2024** la firma EMP presentó una *"Solicitud de Reconsideración Regla 47",* ante el TPI.[1]

No obstante, **y sin que la misma fuera resuelta**, el **18 de abril de 2024** la firma EMP nos presentó incorrectamente un recurso de apelación, el cual acogimos como un auto de *certiorari* y autorizamos que se retuviera su identificación alfanumérica. En resumen, la parte peticionaria cuestiona que el TPI haya concedido a la señora Medina Guilloty honorarios de abogado y costas.

**-II-**

La Regla 47 de Procedimiento Civil,[2] relativa a las solicitudes de reconsideración, dispone expresamente lo siguiente:

> *La parte adversamente afectada por una **orden o resolución** del Tribunal de Primera Instancia podrá, dentro del término **de cumplimiento estricto de quince (15) días** desde la fecha de la notificación de la **orden o resolución**, presentar una moción de reconsideración de la orden o resolución.*
>
> *La parte adversamente afectada por una **sentencia** del Tribunal de Primera Instancia podrá presentar, **dentro del término jurisdiccional de quince (15) días** desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.*
> *[…]*
> ***Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.***
>
> *La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.[3]*

Como vemos, la regla antes citada claramente expresa que una vez se *presenta la moción de reconsideración quedan* **interrumpidos** *los términos para recurrir en alzada para* **todas** *las partes.* Es decir, que presentada una moción de reconsideración oportunamente ante el tribunal de instancia, ninguna parte puede

---

[1] Apéndice 2 de la Parte Peticionaria, págs. 2 – 7.
[2] Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V., R. 47.
[3] *Íd. Énfasis nuestro.*

acudir ante este Foro Apelativo hasta que la misma sea resuelta y notificada debidamente.

Sabido es que la norma reiterada en nuestro ordenamiento procesal es que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[4] Por lo que la jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobe determinado aspecto legal.[5] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso —toda vez que cualquier sentencia dictada sin jurisdicción es <u>nula</u> en derecho— pues la ausencia de jurisdicción es <u>insubsanable</u>.[6]

Un recurso tardío, al igual que uno <u>prematuro</u>, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, por lo que debe ser desestimado.[7] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[8] Un recurso prematuro es aquel que se presenta en la Secretaría de un tribunal apelativo antes del momento en que este adquiere jurisdicción para entender en el caso.[9]

En consecuencia, la Regla 83(B)(1)(C) del Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso, a iniciativa propia, cuando carezca de jurisdicción para atenderlo.[10]

-III-

Del expediente ante nuestra consideración surge, que la parte peticionaria presentó el **2 de abril de 2024** una solicitud de

---

[4] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[5] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

[6] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

[7] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

[8] *Íd.*

[9] *Torres Martínez v. Torres Ghigliotty, supra*, págs. 98 – 99.

[10] Véase; la Regla 83(B)(1)(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1)(C).

reconsideración. No obstante, <u>no</u> surge que el TPI se hubiere expresado sobre la misma **antes** de la radicación del recurso legal epígrafe –el **18 de abril de 2023**–. Dicha moción fue presentada oportunamente ante el foro de instancia, por lo que *los términos para recurrir ante nos quedaron interrumpidos hasta que el foro a quo se expresara.*

En fin, al acudir la parte peticionaria ante nos sin que el TPI se expresara sobre la mencionada solicitud de reconsideración, convirtió en prematuro el presente recurso de *certiorari*, por lo cual carecemos de jurisdicción para atenderlo.

**-IV-**

Por los fundamentos antes discutidos, **se desestima** el recurso de certiorari por encontrarse prematuramente para su consideración por este Tribunal de Apelaciones.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones